UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DEFENSE OF FREEDOM INSTITUTE FOR POLICY STUDIES, INC. | Case No. 23-cv-_____ |
| *Plaintiff,* | |
| v. | |
| U.S. DEPARTMENT OF EDUCATION | |
| and | COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF |
| THE WHITE HOUSE OFFICE OF MANAGEMENT AND BUDGET | |
| *Defendants.* | |

## COMPLAINT

Plaintiff the Defense of Freedom Institute for Policy Studies ("DFI"), by its undersigned attorneys, brings this action against defendants the U.S. Department of Education (the "Department") and the White House Office of Management and Budget ("OMB," and collectively with the Department, referred to herein as the "Government"), and alleges as follows:

## INTRODUCTION

1.    Since February 2022, DFI has served three requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on the Government, which has failed to provide any responsive documents, notwithstanding repeated representations that it would do so.  DFI's FOIA requests seek records relating to mandatory disclosures to the Department by institutions of higher education of information required by Section 117 of the Higher Education Act ("Section 117"), which is codified at 20 U.S.C. § 1011f and entitled "Disclosure of foreign gifts."  Such disclosures are intended to promote public transparency about the role of foreign funding and influence in American higher education. Since 2021, the Department has refused to enforce Section 117 disclosure and transparency requirements against colleges and universities.  In part, DFI's FOIA requests are calculated to demonstrate the Department's failure to ensure that institutions of higher education comply with Section 117.  The Department's refusal to provide a full, comprehensive production of records — indeed, any records -- pursuant to DFI's FOIA requests underscores the apparent abandonment of Section 117 enforcement by the Department.

2.    DFI now seeks relief from this Court under the FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, declaring the Government in violation of Section 117, enjoining it from continuing to withhold responsive records, and ordering the immediate production of all responsive agency records.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 and may grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

4.     Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) because DFI resides in the District, including maintaining an office in Titusville, Florida.

5.     Because the Government has failed to comply with the applicable time-limit provisions of FOIA, DFI is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to the requested relief from this Court.

### PARTIES

6.     DFI is an independent, 501(c)(3) nonprofit, nonpartisan organization incorporated and organized under the laws of the Commonwealth of Virginia, with its registered agent at 250 Browns Hill Court, Midlothian, VA, 23114.  DFI is comprised of former senior Department officials who founded DFI to defend and advance freedom and opportunity for every American family, student entrepreneur, and worker, and to protect civil and constitutional rights at school and in the workplace.  To achieve this mission, DFI's efforts include, inter alia, submitting FOIA requests to federal agencies to obtain records related to the consideration and implementation of policies imposed by the federal government and its officials on the American people, and then posting records produced by the agencies online for public review.

7. The Department of Education is a department of the executive branch of the federal government within the meaning of 5 U.S.C. § 552(f)(1), with its headquarters at 401 Maryland Avenue, S.W., Washington DC, 20202. The Department has possession, custody, and control of the records responsive to at least two of DFI's FOIA requests that are the subject of this action.

8. OMB is an agency of the executive branch of the federal government within the meaning of 5 U.S.C. § 552(f)(1), with its headquarters at 725 17th Street, N.W., Washington, DC, 20503. OMB has possession, custody, and control of the records responsive to one of DFI's February 7, 2022 FOIA requests, as described further herein.

### STATEMENT OF FACTS
### The Attorney General's FOIA Disclosure Directive

9. In a March 15, 2022 directive to executive departments and agencies (including the Department and OMB), Attorney General Merrick Garland emphasized that FOIA's "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines, Memo Att'y Gen (2022), https://rb.gy/znu3f (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)) ("Garland Directive").

10. The Garland Directive emphasized the "Presumption of Openness" required of federal departments and agencies, including the Department and OMB, noting that responsive records may only be withheld "if: (1) the agency reasonably

4

foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates; or (2) disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A)(i)." *Id.* at 1.  Attorney General Garland warned agencies that requested "[i]nformation that might technically fall within an exemption should not be withheld from a FOIA requester unless the agency can identify a foreseeable harm or legal bar to disclosure" and that "[i]n case of doubt, openness should prevail." *Id.*  Attorney General Garland instructed further that pursuant to 5 U.S.C. § 552(a)(8)(A)(ii), when "an agency determines that it cannot make full disclosure of a requested record, FOIA requires that it 'consider whether partial disclosure of information is possible' and 'take reasonable steps necessary to segregate and release nonexempt information.'" *Id.*

### DFI's First FOIA Request

11.    On February 7, 2022, DFI submitted to the Department a FOIA request ("First Request," attached hereto as **Exhibit A-1**).  The First Request sought specific records related to the Department's enforcement of Section 117, which requires colleges and universities to report biannually to the Department foreign source gifts and contracts with an annual value of $250,000 or more.

12.    Despite the passage of 549 days and the Department's representations to DFI that production of records was underway, the Department has failed to produce *any* records in response to DFI's First Request.

13.    In its First Request, DFI sought the following records:

> All records, including but not limited to electronic mail ("email"), texts, letters, memoranda, and other documentation from the following

5

"higher education associations" to any and all ED [Departmental] officials from November 3, 2020, through the date the search is conducted, which reference "Section 117" or "foreign reporting" or "reporting requirements" or "foreign donors" or "anonymized" or "Information Collection Request" or the "Notice of Interpretation (NOI) on Section 117". . . .

All records, including but not limited to email, texts, letters, memoranda, and other documentation from any and all ED officials to any and all of the entities listed in Item 1 [supra], from November 3, 2020, through the date the search is conducted, which reference "Section 117" or "foreign reporting" or "reporting requirements" or "foreign donors" or "anonymized" or "Information Collection Request" or the "Notice of Interpretation (NOI) on Section 117". . . .

All records, including but not limited to email, texts, letters, memoranda, and other documentation from any and all ED officials and government contractors assigned to ED (*i.e.*, independent personnel contracted by the federal government to provide professional expertise and support directly or indirectly to ED officials) from November 3, 2020, through the date the search is conducted, which reference "UPenn" or "University of Pennsylvania" or "University of Pennsylvania's Biden Center for Diplomacy and Global Engagement" or "Penn Biden Center" or "Biden Center" or "Center" or "Amy Gutmann" or "President of UPenn" or "Section 117" or "foreign reporting" or "reporting requirements" or "foreign donors" or "anonymized" or "Information Collection Request" or "Notice of Interpretation (NOI) on Section 117" or "China" or "PRC". . . .

All records, including but not limited to email, texts, letters, memoranda, and other documentation from any and all ED officials and government contractors assigned to ED (*i.e.*, independent personnel contracted by the federal government to provide professional expertise and support directly or indirectly to ED officials) from November 3, 2020, through the date the search is conducted, which reference ED's Section 117 foreign source contracts and gifts reporting portal, including but not limited to "Information Collection Request" or "ICR" or https://partners.ed.gov/ForeignGifts or "reporting portal" or "Section 117 portal" or "chance in enforcement" or "Section 117 statutory reporting obligation" or "reportable contracts" or "IHE opposition" or "rescission of prior guidance" or "Dear Colleague Letter (DCL), GEN-04-11" or "20 U.S.C. § 1011f" or "Section 117 Report" or "Report on Institutional Compliance with Section 117 of the Higher Education Act of 1965" or "Section 117 investigation" or "Section 117 investigations[]".

*See* Exhibit A-1, at 4-6.

14.   The release of these records is in the public interest because their disclosure will inform the public about the Department's policies and decision making related to its Section 117 statutory enforcement obligations.  Section 117 requires colleges and universities to provide "public transparency" through required reporting to the Department of "any gifts received from and contracts with a foreign source that, alone or combined, are valued at $250,000 or more in a calendar year."  Federal Student Aid, An Office of the U.S. Department of Education (May 15, 2023), https://rb.gy/s1wz1.

15.   On February 8, 2022, the Department provided a FOIA Acknowledgement Letter to DFI confirming receipt of the First Request and assigning it tracking number 22-01850-F.  The Acknowledgement Letter indicated that the First Request had been "forwarded to the primary responsible office(s) for action."  (The Department's FOIA Acknowledgement Letter is attached hereto as **Exhibit A-2**.)

16.   On February 8, 2022, the Department provided an electronic notice to DFI that the status of the First Request had been "updated to the following status 'In Process.'"  (The Department's Status Update Request is attached hereto as **Exhibit A-3**.)

17.   On February 22, 2022, the Department issued a "Fee Waiver Denial" in response to DFI's FOIA request, concluding that DFI had "failed to provide sufficient information to demonstrate your entitlement to a waiver of processing fees.  More

specifically, justification has not been provided to explain how the requested records would contribute significant information to the public's understanding of the Department's operations.  You have also not provided any evidence demonstrating public interest in the documents." (The Department's Fee Waiver Denial is attached hereto as **Exhibit A-4**.)

18.    On March 1, 2022, DFI filed its Appeal of the Fee Waiver Denial, challenging the Department's fee waiver denial by providing additional information demonstrating the public's interest in the records sought and describing how the requested records would contribute to the public's understanding of the Department's Section 117 enforcement policies and decision making.  DFI Fee Waiver Appeal at 2. (DFI's Fee Waiver Appeal is attached hereto as **Exhibit A-5**.)

19.    On March 2, 2022, the Department issued a "FOIA Appeal Acknowledgement Letter" acknowledging receipt of DFI's appeal of its Fee Waiver Denial.  (The Department's Appeal Acknowledgement is attached hereto as **Exhibit A-6**.)

20.    On March 3, 2022, the Department reversed its earlier denial and granted DFI's Appeal of the Fee Waiver Denial "in full," finding that DFI had "provided sufficient information to satisfy other necessary factors that would entitle [it] to a waiver or reduction of fees."  (The Department's Grant of DFI's Fee Waiver Denial Appeal is attached hereto as **Exhibit A-7**.)

21.    On March 21, 2022 (in a letter dated March 9, 2022), the Department notified DFI of its "20-Day Status Notification" regarding its provision of records to

DFI: "We aim to complete your requests as promptly as possible. At this time, we are unable to provide an estimated completion date, but intend to provide records on a rolling basis as they become available."   (The Department's 20-Day Status Notification is attached hereto as **Exhibit A-8**.)

22.   On April 22, 2022, DFI submitted its first Production Request Inquiry to the Department's FOIA Manager, noting that production of the requested records should have occurred by April 6, 2022, reiterating DFI's willingness to "welcome rolling production by [the Department] in response to this [FOIA] request," and recommending to the Department that it "could most efficiently begin rolling production by initially producing . . . [r]ecords requested in Item 1 (records of outside interest group Section 117 communications)" and "[r]ecords requested in Item 2 (records of the responses of ED officials to the records in Item 1" for 7 particular Departmental component offices.   DFI noted that "[t]his proposed initial production should substantially improve ED's ability to more quickly respond to [its] FOIA request by narrowing what could be produced first (in the rolling production) to records from several particular ED offices rather than a Department-wide search for responsive records."   (DFI's April 2022 Production Request Inquiry is attached hereto as **Exhibit A-9**.)

23.   On May 16, 2022, DFI submitted its second Production Request Inquiry to the Department's FOIA Manager, noting the Department's failure to provide any responsive records or to acknowledge or respond to DFI's April 22, 2022 "Production Request" inquiry.   DFI reiterated the instructions in the Garland Directive to federal

departments and agencies and, again, requested that the Department promptly commence "either . . . rolling or full production." (DFI's May 2022 Production Request Inquiry is attached hereto as **Exhibit A-10**.)

24.    On January 13, 2023, DFI submitted its third Production Request Inquiry to Secretary of Education Miguel Cardona and the Department's FOIA Public Liaison and Team Lead, Robert Wehausen, noting that DFI's "request for records is now 340 days old and yet the Department has failed to produce a single record" despite DFI's "repeatedly proffered willingness to accept rolling production" of the responsive records "since the records may be voluminous." (DFI's January 2023 Production Request Inquiry is attached hereto as **Exhibit A-11**.)

25.    The Department has failed to acknowledge or respond to any of DFI's Production Request inquiries, which are set forth in Exhibits A-9, A-10, and A-11.

26.    The Department has failed to provide *a single record* responsive to DFI's First Request, despite DFI's efforts to assist the Department by allowing it to produce the requested records in full or on a rolling basis.

27.    Notwithstanding the Department's March 21, 2022 "20-Day Status Notification" commitment to provide responsive records on a rolling basis, it has failed to explain or otherwise justify its failure to provide any responsive records on a rolling basis.

28.    As a result of the Department's failure to timely or otherwise provide any records responsive to DFI's First Request in accordance with the Department's

statutory obligations, DFI has constructively exhausted its administrative remedies. DFI thus seeks immediate judicial review of this matter

### DFI's Second FOIA Request

29.      Also on February 7, 2022, DFI submitted a FOIA request to OMB ("Second Request," which is attached hereto as **Exhibit B-1**).

30.      Similar to the First Request, the Second Request sought records relating to the Department's enforcement of certain statutory reporting obligations regarding foreign gifts and contracts by colleges and universities; specifically, the Second Request asked for OMB's communications with particular non-governmental entities and associated individuals regarding these obligations and the Department's enforcement of them.

31.      Despite the passage of 549 days and OMB's representation to DFI that production of responsive records was in process, OMB has failed to produce *any* records in response to DFI's Second Request.

32.      DFI's Second Request asked for the following records:

All records, including but not limited to electronic mail ("email"), texts, letters, memoranda, and other documentation from the following "higher education associations" to any and all OMB officials from January 20, 2021, through the date the search is conducted, which reference "Section 117" or "foreign reporting" or "reporting requirements" or "foreign donors" or "anonymized" or "Information Collection Request" or the "Notice of Interpretation (NOI) on Section 117":

      a.  American Council on Education ("ACE")
      b.  ACPA-College Student Educators International
      c.  American Association of Colleges of Nursing
      d.  American Association of Collegiate Registrars and Admissions Officers

11

e.  American Association of Community Colleges

f.  American Association of State Colleges and Universities

g.  American Dental Education Association

h.  American Indian Higher Education Consortium

i.  APPA, "Leadership in Educational Facilities"

j.  Association of Governing Boards of Universities and Colleges

k.  Association of American Colleges and Universities

l.  Association of American Universities

m.  Association of Catholic Colleges and Universities

n.  Association of Community College Trustees

o.  Association of Independent California Colleges and Universities

p.  Association of Independent Colleges and Universities in Massachusetts

q.  Association of Independent Colleges and Universities in Pennsylvania

r.  Association of Independent Colleges and Universities in Rhode Island

s.  Association of Jesuit Colleges and Universities

t.  Association of Public and Land-grant Universities

u.  Association of Research Libraries

v.  Association of Vermont Independent Colleges

w.  Coalition of Urban and Metropolitan Universities

x.  College and University Professional Association for Human Resources

y.  Connecticut Conference of Independent Colleges

z.  Council for Advancement and Support of Education

aa. Council for Christian Colleges & Universities

bb. Council for Higher Education Accreditation

cc. Council for Opportunity in Education

dd. Council of Graduate Schools

ee. Council on Government Relations

ff. Council on Social Work Education

gg. EDUCAUSE

hh. ETS

ii. Higher Education Consultants Association

jj. Hispanic Association of Colleges and Universities

12

kk. NAFSA:  Association of International Educators
ll. NASPA – Student Affairs Administrators in Higher Education
mm.  National Association for College Admission Counseling
nn. National Association for Equal Opportunity in Higher Education
oo. National Association of College and University Business Officers
pp. National Association of Independent Colleges and Universities
qq. National Association of Student Financial Aid Administrators
rr. National Collegiate Athletic Association
ss. Phi Beta Kappa Society

All records, including but not limited to email, texts, letters, memoranda, and other documentation from any and all OMB officials to any and all of the entities listed in Item 1 [above paragraph], from January 20, 2021, through the date the search is conducted, which reference "Section 117" or "foreign reporting" or "reporting requirements" or "foreign donors" or "anonymized" or "Information Collection Request" or the "Notice of Interpretation (NOI) on Section 117."

All records, including but not limited to email, texts, letters, memoranda, and other documentation from any and all OMB officials and government contractors assigned to OMB (*i.e.*, independent personnel contracted by the federal government to provide professional expertise and support directly or indirectly to OMB officials) from January 20, 2021, through the date the search is conducted, which reference "UPenn" or "University of Pennsylvania" or "University of Pennsylvania's Biden Center for Diplomacy and Global Engagement" or "Penn Biden Center" or "Biden Center" or "Center" or "Amy Gutmann" or "President of UPenn" or "Section 117" or "foreign reporting" or "reporting requirements" or "foreign donors" or "anonymized" or "Information Collection Request" or "Notice of Interpretation (NOI) on Section 117" or "China" or "PRC."

All records, including but not limited to email, texts, letters, memoranda, and other documentation from any and all OMB officials and government contractors assigned to OMB (*i.e.*, independent personnel contracted by the federal government to provide professional expertise and support directly or indirectly to

OMB officials) from January 20, 2021, through the date the search is conducted, which reference ED's Section 117 foreign source contracts and gifts reporting portal, including but not limited to "Information Collection Request" or "ICR" or "https://partners.ed.gov/ForeignGifts" or "reporting portal" or "Section 117 portal" or "change in enforcement" or "Section 117 statutory reporting obligation" or "reportable contracts" or "IHE opposition" or "rescission of prior guidance" or "Dear Colleague Letter (DCL), GEN-04-11" or "20 U.S.C. § 1011f" or "Section 117 Report" or "Report on Institutional Compliance with Section 117 of the Higher Education Act of 1965" or "Section 117 investigations."

*See* Exhibit B-1 at 4-6.

33.    The release of these records is in the public interest because disclosure of the requested records will inform the public about OMB's decision making in its review and oversight of the Department's Section 117 enforcement policies.  Section 117 requires colleges and universities to provide "public transparency" through required reporting of "any gifts received from and contracts with a foreign source that, alone or combined, are valued at $250,000 or more in a calendar year."  Federal Student Aid, An Office of the U.S. Department of Education (May 15, 2023), https://rb.gy/s1wz1.

34.    On February 8, 2022, OMB provided an electronic notification to DFI acknowledging its receipt of DFI's Second Request, assigning it OMB FOIA number 2022-177, and indicating that the Second Request was "being processed."  (OMB's FOIA Acknowledgement Notification to DFI is attached hereto as **Exhibit B-2**.)

35.    Inexplicably, OMB has ignored DFI's Second Request entirely.

36.    OMB has failed to comply with its FOIA obligations to DFI and has not provided a single record responsive to DFI's Second Request.

14

37.     OMB has failed to explain or otherwise justify its failure to provide responsive records to DFI.

38.     As a result of OMB's failure to timely or otherwise provide any records responsive to DFI in accord with its statutory obligations, DFI has now constructively exhausted its administrative remedies.  DFI thus seeks immediate judicial review of the matter.

### DFI's Third FOIA Request

39.     On February 27, 2023, DFI submitted to the Department a FOIA request ("Third Request," which is attached hereto as **Exhibit C-1**).

40.     Similar to the First and Second Requests, the Third Request sought specific records related to the Department's enforcement of Section 117; specifically, the Third Request asked for documents relating to the Department's transfer of Section 117 enforcement responsibilities from the Department's Office of General Counsel ("OGC") to its Office of Federal Student Aid ("FSA").

41.     Despite the passage of 164 days and the Department's representation to DFI that it was processing its production of responsive records, the Department has failed to produce *any* records in response to DFI's Third Request.

42.     DFI's Third Request sought the following records:

> All decision memoranda, directives, policy interpretations, or policy guidance related to the Department's "Notice" (identified *supra*), to include the Department's policy decision to move Sec. 117 data collection responsibilities from OGC to FSA, which were signed, approved, adopted, or implemented by any of the following Departmental officials (see Custodians, *infra*) beginning on or after January 20, 2021, through the date the search for the records is conducted.

15

All records, including but not limited to electronic mail ("email"), texts, letters, memoranda, and other documentation, which other documentation should include communications regarding the Department's June 2022 slide presentation presented at a webinar hosted by ACE and led by General Counsel Lisa Brown and FSA COO Richard Cordray, identified *supra*, between Departmental officials (see Custodians, *infra*) and the following higher education industry representatives from January 20, 2021, through the date the search is conducted:

    a. Email addresses ending in "acenet.edu"
    b. Terry Hartle, ACE Senior Vice President; ACE Senior Fellow
    c. Ted Mitchell, ACE President
    d. Steven Bloom, ACE Assistant Vice President
    e. Jessie Brown, ACE Vice President and Chief of Staff
    f. Jonathan Fansmith, ACE Senior Vice President
    g. Anne Meehan, ACE Assistant Vice President
    h. Peter McDonough, ACE Vice President and General Counsel
    i. Sarah Spreitzer, ACE Assistant Vice President and Chief of Staff
    j. Any other person representing himself or herself to have been employed by ACE

All records, including but not limited to electronic mail ("email"), texts, letters, memoranda, and other documentation between Departmental officials (see Custodians, *infra*) and the following colleges and universities previously under investigation by the Department as part of the Department's Sec. 117 enforcement efforts which reference "Section 117" or "Investigation" or "Foreign Gifts and Contracts" or "20 U.S.C. 1011f" or "Information Collection" or "Donor Anonymity" or "Anonymous Donors" or "Foreign Sources" or "34 CFR Part 668" or "Notice of Interpretation" or "NOI" or "Information Collection Request" or "ICR", from January 20, 2021, through the date the search is conducted:

    a. Georgetown University (including email addresses ending in "georgetown.edu")
    b. Texas A&M University (including email addresses ending in "tamu.edu")

    c.  Cornell University (including email addresses ending in "cornell.edu")

    d.  State University of New Jersey (a/k/a Rutgers University) (including email addresses ending in "rugers.edu")

    e.  Massachusetts Institute of Technology (including email addresses ending in "mit.edu")

    f.  University of Maryland (including email addresses ending in "umd.edu")

    g.  Harvard University (including email addresses ending in "harvard.edu")

    h.  Yale University (including email addresses ending in "yale.edu")

    i.  University of Texas (including email addresses ending in "utexas.edu")

    j.  Case Western Reserve University (including email addresses ending in "case.edu")

    k.  Fordham University (including email addresses ending in "fordham.edu")

    l.  Stanford University (including email addresses ending in "stanford.edu")

    m. University of Alabama (including email addresses ending in "ua.edu")

    n.  Auburn University (including email addresses ending in "auburn.edu")

    o.  Florida State University (including email addresses ending in "fsu.edu")

    p.  Georgia State University (including email addresses ending in "gsu.edu")

    q.  University of Nevada, Las Vegas (including email addresses ending in "unlv.edu")

    r.  University of New Mexico (including email addresses ending in "unm.edu")
       University of Wisconsin – Milwaukee (including email addresses ending in "uwm.edu")

*See* Exhibit C-1 at 14-15.

      43.   The release of these records is in the public interest because disclosure of the requested records will inform the public about the influence of colleges and universities and higher education industry trade groups and representatives on the

Department's policies and decision making related to its Section 117 statutory enforcement obligations.

44.   On February 28, 2023, the Department provided an electronic FOIA "Request Acknowledgement" notification to DFI confirming receipt of DFI's Third Request and assigning it tracking number 23-01128-F.   The Acknowledgement Letter indicated that the Third Request had been "forwarded to the primary responsible office(s) for action."  (The Department's FOIA Request Acknowledgement is attached hereto as **Exhibit C-2**.)

45.   On February 28, 2023, the Department provided an electronic "Status Update" notification to DFI that the Third Request had been "updated to the following status 'In Process.'"  (The Department's FOIA Status Update Notification is attached hereto as **Exhibit C-3**.)

46.   On February 28, 2023, the Department issued a "Fee Waiver Granted" determination in response to DFI's Third Request, concluding that the information submitted by DFI justified its request for a "waiver of all fees, including duplication fees, associated with processing [DFI's] request based on [DFI's] requester category as Other/Special Interest Group requester" and the information provided by DFI in support of the request.  (The Department's "Fee Waiver Granted" Notification is attached hereto as **Exhibit C-4**.)

47.   On March 28, 2023, the Department notified DFI in its "20-Day Notification" regarding its provision of records to DFI that "[d]ue to the unusual circumstances that exist with your FOIA requests as defined by U.S.C. §

552(a)(6)(B)(i)(ii), the Department will not be able to respond by the 20 day statutory requirement.  The scope of your FOIA requests requires the Department to conduct a vast search across multiple program offices, which we anticipate will result in a large amount of responsive records."  (The Department's 20-Day Notification is attached hereto as **Exhibit C-5**.)

48.    The Department failed to identify any of the "unusual circumstances" it relied on to justify evasion of the statutory deadline for providing responsive records.

49.    The Department has failed to provide any records responsive to DFI's Third Request.

50.    Since its March 28, 2023 "20-Day Notification," the Department has failed to explain or otherwise justify its failure to provide responsive records to DFI.

51.    As a result of the Department's failure to timely or otherwise provide any records responsive in accord with its statutory obligations, DFI has constructively exhausted its administrative remedies.  DFI thus seeks immediate judicial review of the matter.

## The Government's Violation of the Garland Directive

52.    The Government's failure to timely or otherwise produce non-exempt records responsive to DFI's First, Second, and Third Requests directly violates the Garland Directive regarding the FOIA obligations of departments and agencies within the executive branch of the federal government, including the Department and OMB.

53.    Lastly, most, if not all, communications from DFI to the Government after June 2022 originated from Florida, as DFI's then-Senior Counsel with primary

responsibility for DFI's FOIA efforts resided in Florida at that time (and continues to do so).

### FIRST CAUSE OF ACTION
### Violation of FOIA, 5 U.S.C. § 552
### (Wrongful Withholding by the Department of
### Non-Exempt Records Responsive to First Request)

54.     DFI repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth below.

55.     Through its First Request, DFI properly requested records within the possession, custody, and control of the Department.

56.     The Department is a federal agency subject to FOIA's statutory provisions and is obligated to provide, in a timely manner, all non-exempt records responsive to DFI's First Request.  In the event that the Department withholds any responsive records, it must provide a lawful reason for withholding those records in response to a FOIA request.  After the passage of 549 days, the Department has provided no such lawful reason for withholding responsive records and has demonstrably ignored DFI's First Request, the Department's statutory obligations under FOIA, and the Garland Directive.

57.     By failing to provide non-exempt records responsive to DFI's First Request, the Department is wrongfully withholding agency records lawfully requested by DFI in violation of the Department's statutory FOIA obligations.

58.     DFI is thus entitled to declaratory and injunctive relief requiring the Department to produce promptly any and all records responsive to the First Request.

## SECOND CAUSE OF ACTION

### Violation of FOIA, 5 U.S.C. § 552
**(Wrongful Withholding by OMB of
Non-Exempt Records Responsive to Second Request)**

59.     DFI repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth below.

60.     Through its Second Request, DFI properly requested records within the possession, custody, and control of OMB.

61.     OMB is a federal agency subject to FOIA's statutory provisions and is obligated to provide, in a timely manner, all non-exempt records responsive to DFI's Second Request.  In the event that OMB withholds records responsive to a FOIA request, it must provide a lawful reason for withholding records. After the passage of 549 days, OMB has provided no such lawful reason for withholding responsive records and has demonstrably ignored DFI's Second Request, OMB's statutory obligations under FOIA, and the Garland Directive.

62.     By failing to provide non-exempt records responsive to DFI's Second Request, OMB is wrongfully withholding agency records lawfully requested by OMB in violation of DFI's statutory FOIA obligations.

DFI is thus entitled to declaratory and injunctive relief requiring OMB to produce promptly any and all records responsive to DFI's Second Request.

63.     DFI is thus entitled to declaratory and injunctive relief requiring OMB promptly to produce any and all records responsive to DFI's Second Request.

**THIRD CAUSE OF ACTION**

**Violation of FOIA, 5 U.S.C. § 552**
**(Wrongful Withholding by the Department of**
**Non-Exempt Records Responsive to Third Request)**

64.     DFI repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth below.

65.     Through its Third Request, DFI properly requested records within the possession, custody, and control of the Department.

66.     The Department is a federal agency subject to FOIA's statutory provisions and is obligated to provide, in a timely manner, all non-exempt records responsive to DFI's Third Request.  In the event that the Department withholds records responsive to a FOIA request, it must provide a lawful reason for withholding records. After the passage of 164 days, the Department has provided no such lawful reason for withholding responsive records and has demonstrably ignored DFI's Third Request, the Department's statutory obligations under FOIA, and the Garland Directive.

67.     By failing to provide responsive, non-exempt records to DFI's Third Request, the Department is wrongfully withholding agency records lawfully requested by DFI in violation of the Department's statutory FOIA obligations.

68.     DFI is thus entitled to declaratory and injunctive relief requiring the Department to produce promptly any and all records responsive to DFI's Third Request.

**WHEREFORE**, DFI respectfully requests that this Court:

a. Assume jurisdiction in this matter and maintain jurisdiction until the Government complies with its statutory FOIA production obligations and any and all orders of this Court;

b. Order the Government to conduct immediately a records search or searches reasonably calculated to identify all records responsive to DFI's First, Second, and Third Requests;

c. Order the Government to produce, within twenty days of the Court's order, or by other such date as the Court deems appropriate, any and all records responsive to DFI's First, Second, and Third Requests;

d. Enjoin the Government from continuing to withhold any and all non-exempt records responsive to DFI's First, Second, and Third Requests;

e. Award DFI its attorneys fees, costs, disbursements and expenses, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E)(i); and

f. Grant DFI equitable and such other relief as this Court may deem just and proper.

Dated this 9th day of August, 2023, at Titusville, Florida.

Respectfully submitted,

**DEFENSE OF FREEDOM INSTITUTE FOR POLICY STUDIES, INC.**

*/s/ Martha A. Astor*
Martha A. Astor
FL Bar No.: 1039011
323 S. Washington Avenue
Suite 9
Titusville, FL  32796
Telephone:  (321) 390-2707
Email: martha.astor@dfipolicy.org

Donald A. Daugherty, Jr.
(*pro hac* vice to be sought)
1455 Pennsylvania Avenue, N.W.

Suite 400
Washington, DC  20004
Telephone:  (414) 559-6902
Email:  don.daugherty@dfipolicy.org

*Counsel for the Defense of Freedom*
*Institute for Policy Studies, Inc.*