UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENSE OF FREEDOM INSTITUTE FOR POLICY STUDIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>U. S. DEPARTMENT OF EDUCATION, *et. al.*,<br><br>Defendants. | Civil Action No. 24-0814 (JMC) |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order dated March 17, 2025, the parties by and through their respective undersigned counsel, respectfully submit this Joint Status Report and have indicated each party's position as follows:

## DEFENDANTS' POSITION:

### DEPARTMENT OF EDUCATION

1.      This action, filed under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, involves two FOIA requests by Plaintiff Defense of Freedom Institute for Policy Studies, Inc. ("DFI") to the U.S. Department of Education ("Education"). The first request is dated February 7, 2022, and the records requested are reflected in Exhibit A-1 to the operative Complaint. The second request is dated February 27, 2023, and the records requested are reflected in Exhibit C-1 to the Complaint. Education assigned the first request No. 22-01850-F and the second request No. 23-01128-F. Education states that the status of the two requests are as follows:

2.      Request No.23-01128-F: As previously reported, the following four program

offices were identified as the offices likely to have records responsive to this request: (1) Office of Office of the Secretary ("OS"), (2) Office of the Under Secretary ("OUS"), (3) Federal Student Aid ("FSA"), and (4) Office of the General Counsel ("OGC"). Defendant has completed its searches and responsiveness review. OS has identified approximately 33 responsive pages; FSA has identified approximately 201 responsive pages; and OGC has identified approximately 971 responsive pages. OUS completed its responsiveness review in June 2024.  All records were determined to be duplicative of the records produced by the other program offices.

3.     Education further reports that on May 21, 2025, due to staffing changes within the agency, Education asked Plaintiff to provide Education with a copy of the records that Education produced earlier in this matter so that Education can access the posture of production. On June 11, 2025, Plaintiff's counsel provided access to the prior productions. Education will review the prior productions as it continues to process Plaintiff's FOIA requests. Education will continue to process Plaintiff's request at the rate of 500 pages per month until completion.

### OFFICE OF MANAGEMENT AND BUDGET

4.     This action also involves one FOIA request by Plaintiff DFI to the Office of Management and Budget ("OMB"). This request is dated February 7, 2022, and the records requested are reflected in Exhibit B-1 to the operative Complaint. OMB assigned this request No. 2022-177. OMB previously reported that it completed processing Plaintiff's FOIA request on January 31, 2025. OMB reports that on June 11, 2025, Plaintiff inquired about a specific report. OMB is investigating Plaintiff's inquiry.

5.     It remains Defendants' position that establishing a summary judgment briefing schedule and filing a Vaughn index are premature at this time. Defendants respectfully request that the court allow Defendants a reasonable amount of time to completely process Plaintiff's

FOIA request and for the parties to confer over any outstanding issues. Defendants propose that the parties submit another Joint Status Report in 90 days, that is, on or by September 10, 2025.

**PLAINTIFF DEFENSE OF FREEDOM INSTITUTE'S POSITION**

Plaintiff proposes that the parties submit a further joint status report in 60 days, that is, on or before August 11, 2025. The Department claims that it is producing records at the rate of at least 500 per month but this is not the case. In the Department's February 28, 2025 provision only 97 pages were produced. In the Department's January 31, 2025 tranche, they produced only 318 pages. In the Department's December 19, 2024 provision included a mere 60 pages. This falls far below the promised production rate. The Department has neither produced nor given any indication it has reviewed any documents in this case since its February provision.

6.    It is Plaintiff's position that although Education and OMB have provided some documents pursuant to the Court's order, these documents have been heavily redacted without a valid basis. The last several tranches, particularly those from both the OMB and the Department have many multiples of pages which are fully to almost fully redacted. Other pages have large swaths of redactions. Because of the redactions, a *Vaughn* index is necessary to eliminate differences which will allow both parties to "confer and attempt to resolve their dispute." *See* Minute Order of April 9, 2024. Both OMB and Education have refused Plaintiff's demand for a *Vaughn* index in this case.

7.    An agency which seeks to withhold records under FOIA is required to justify these actions.  *See* 5 U.S.C. § 552(a)(4)(B).  A *Vaughn* index is appropriate when an agency, like Education and the OMB, must meet their burden to show that the withholdings are appropriate and may do so "by providing a *Vaughn* index which must adequately describe each withheld document, state which exemption the agency claims for each withheld document, and explain the

exemption's relevance." *Johnson v. Exec. Office for U.S. Att'ys*, 310 F.3d 771, 774 (D.C. Cir. 2002); *see also Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).  Because of the large number of redactions and withheld documents Plaintiff expects that they will have to litigate on the issue of these claimed exemptions.  Plaintiff proposes that a *Vaughn* index be produced for all documents from the Department thus far produced no later than July 18, 2025 and for every new tranche going forward.

        8.       OMB claims that it made its final production in late January 2025 but still continues to refuse to provide a *Vaughn* index.  DFI requests that the Court order a *Vaughn* index from OMB no later than July 18 , 2025.

        9.       DFI does not believe that the OMB has provided all documents responsive to its requests.  OMB officials are required to document and upload all relevant messaging such as text messages and social media, on its servers. *Oglesby v. Dep't of Army*, 920 F. 2d 57, 58 (D.C. Cir. 1990) requires an agency to show it made a good faith effort using methods that are "reasonably expected to produce information" and clarifies that an "agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested." *Id.* at 68. As stated in  *Shteynlyuger v. Ctrs. for Medicine & Medicaid Servs.*, 698 F.Supp.3d 82, 109 (D.D.C. 2023) "an agency may be obligated to search a particular employee's text messages in response to a FOIA request." *Id.*  All that is necessary is that it must be "reasonably likely" that an official used a certain type of communication that might contain the referenced documents. *Id.*  There are two criteria for whether a material is an agency record.  "First, an agency must either create of obtain the requested material. . . . Second, the agency must be in control of the requested materials at the time the FOIA request is made." *Cause of Action Inst. v. N.O.A.A.*, No. 19-1927 (TSC), 2023 U.S. Dist. LEXIS 91060, at *9-10,  (D. D. C., May 24, 2023).  The burden

falls on the OMB "to disprove, that the materials sought are not 'agency records." *Id.* at 10. The OMB routinely requires its employees to catalog and record social media, text messages, and other personal messages that its employees, including Secretaries, receive. It was doing so during the relevant time period. Therefore, the OMB should search these types of mediums for responsive records including but not limited to:

    a. X tweets (which was previously known as Twitter)

    b. Texts on both private and government issued phones

    c. LinkedIn Messages

    d. Chats from Teams Meetings

    e. Social Media Communications including Facebook, Instagram, and Snapchat and other Social Media platforms

    f. Signal Communications

10. Plaintiff proposes that at this time it defer requests for limited discovery and summary judgment motions on Education's productions until it reviews and responds to those production and the parties have had an opportunity to meet and confer with respect to any issues Plaintiff may identify with respect to past and future productions. Plaintiff has asked OMB to agree to a briefing schedule for dispositive motions regarding the FOIA request served on OMB, but OMB has declined.

11. Plaintiff has also inquired into the status of documents that it believes may be responsive to its FOIA request and that are the subject of the Department's investigation of the University of Pennsylvania that the Department opened on or about May 8, 2025 after discovering inaccurate and untimely foreign financial disclosures.

12. Plaintiff proposes that the parties be ordered to file a further Joint Status Report

on or before August 11, 2025 and every sixty days thereafter, until the production of documents is complete, at which point the parties will file a Joint Status Report with a proposal for further proceedings.  Plaintiff also proposes that because its production is now complete, there is no reason for OMB to continue to delay its production of a *Vaughn* index and requests one be provided by no later than July 11, 2025.

WHEREFORE, each party respectfully requests individually that the Court adopt their respective proposals.

Dated: June 12, 2025
       Washington, DC

Respectfully submitted,

By: *Martha A. Astor*
    Martha A. Astor
    D.C. Bar No. 900002288
    Defense of Freedom Institute
    1455 Pennsylvania Avenue,
    NW Washington, DC 20004
    Telephone: 321-390-2707
    Martha.Astor@dfipolicy.org

JEANINE FERRIS PIRRO
United States Attorney

By: */s/Kimberly A. Stratton*
    KIMBERLY A. STRATTON
    P.A. Bar #327725
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 417-4216
    kimberly.stratton@usdoj.gov

DONALD A. DAUGHERTY, JR.
D.C. Bar No. 90000663
1455 Pennsylvania Avenue,
NW Suite 400
Washington, DC 20004
414-559-6902
Don.Daugherty@dfipolicy.org

*Attorneys for the United States of America*

*Counsel for Plaintiffs*